D 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANK H. FINKEL, et. al.,

                Plaintiffs,

-against-

S.I. ASSOCIATES CO., INC. and
NASSAU READY MIX CORP.,

                Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 05-4656

(Wexler, J.)

APPEARANCES:

    COHEN WEISS & SIMON LLP
    BY: JAMES R. GRISI, ESQ.
    330 West 42nd Street
    New York, New York 10036
    Attorneys for Plaintiffs

    DANDENEAU & LOTT
    BY: GERALD V. DANDENEAU, ESQ.
    425 Broadhollow Road, Suite 418
    Melville, New York 11747
    Attorneys for Defendant S.I. Associates Co., Inc.

    TRIVELLA, FORTS & SMITH, LLP
    BY: CHRISTOPHER A. SMITH, ESQ.
    1311 Mamaroneck Avenue, Suite 170
    White Plains, New York 10605
    Attorneys for Defendant Nassau Ready Mix Corporation

WEXLER, District Judge

    This is an action brought pursuant to the Employee Retirement Income Security Act of

1974 ("ERISA"). The action was commenced by Plaintiffs in their capacities as Trustees and

1

Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (the "Trustees" or the "Plaintiffs"). Plaintiffs seek unpaid benefit plan contributions as sell as interest, liquidated damages ad attorneys fees pursuant to ERISA. Named as defendants are S.I. Associates Co., Inc. ("SI") and Nassau Ready Mix Corp. ("Nassau") (collectively "Defendants").

Plaintiff allege that Defendants are liable for payments to the Funds pursuant to the theories of single employer, joint employer, alter ego and/or double breasted corporate relationship. It is Plaintiff's theory that SI transferred its previously union business to Defendant Nassau, a non-union business, to circumvent benefit contribution obligations. Defendants deny this contention and move for summary judgment dismissing the complaint.

Upon consideration of the papers in support of and in opposition to the motion, this Court finds that genuine issues of material fact regarding the Defendants' businesses exist precluding the entry of summary judgment with respect to plaintiffs' claims. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Accordingly, Defendants' motion for summary judgment is denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 20, 2007

2

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.