UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK H. FINKEL, et al.,

                                 MEMORANDUM AND ORDER

             Plaintiffs,            CV 05-4656

-against-                      (Wexler, J.)

S.I. ASSOCIATES CO., INC. and
NASSAU READY MIX CORP.,

             Defendants.
----------------------------------------------------------------X

APPEARANCES:

    COHEN, WEISS AND SIMON, LLP.
    BY: JAMES R. GRISI, ESQ.
    Attorneys for Plaintiffs
    330 West 42nd Street
    New York, New York 10036-6976

    DANDENEAU & LOTT
    BY: GERALD V. DANDENEAU, ESQ.
    Attorneys for Defendant S.I. Associates Co., Inc.
    425 Broadhollow Road, Suite 418
    Melville, New York 11747

    TRIVELLA, FORTE & SMITH, LLP
    BY: CHRISTOPHER A. SMITH, ESQ.
    1311 Mamaroneck Avenue Suite 170
    White Plains, New York 10605

WEXLER, District Judge:

    This is an action commenced pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs, who brought this action in their capacities as Trustees and Fiduciaries of the Building Material Teamsters Local 282 ("Local 282") Welfare, Pension, Annuity, Job Training and

1

Vacation and Sick Leave Trust Funds (the "Funds"), sought declaratory, injunctive and monetary relief in the form of unpaid contributions to the Funds, interest, liquidated damages, attorneys' fees and costs. Plaintiffs' theories were that the Defendants were liable as single employers and/or alter egos of each other. This court held a bench trial over the course of several days, taking extensive evidence from all sides. In Findings of Fact and Conclusions of Law dated June 30, 2008, the court found in favor of Defendants.

Presently before the court are the motions of each of the Defendants for attorneys fees. For the reasons set forth below, the motions are denied.

## DISCUSSION

I. Legal Principles

This court has discretion, under ERISA, to award a reasonable attorney's fee to either party. See 29 U.S.C. §1132(g)(1). The five factors to consider when determining whether such an award is warranted have been identified by the Second Circuit as: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. Chambless v. Masters, Mates and Pilots Pension Plan, 815 F.2d 869, 870 (2d Cir. 1987); see Critelli v. Fidelity Nat'l. Title Ins. Co. of New York, 554 F. Supp.2d 360, 365 (E.D.N.Y. 2008). The Chambless factors may be analyzed together, and no one factor is necessarily dispositive. See Paese v. Hartford Life Accident Ins. Co., 449 F.3d 435, 450 (2d Cir. 2006).

While ERISA allows for a fee award to both plaintiffs and defendants, and Chambless provides the framework for a request from either side, courts have recognized that the analysis

2

can differ depending upon the party to which the Chambless factors are applied. For example, assessing the "culpability" of a losing party may differ, depending upon whether the party seeking fees is a plaintiff or a defendant. Critelli, 554 F. Supp.2d at 363. Where a plaintiff prevails, it is because there has been an actual violation of ERISA by the defendant. Where a defendant has prevailed, however, it may be only because of the plaintiff's inability to prove a case that might have presented a close issue of fact or law. Salovaara v. Eckert, 222 F.3d 19, 28 (2d Cir. 2000). The former situation indicates a higher level of "culpability," and a more likely candidate for an award of attorney's fees, than the latter. Additionally, courts have observed that evaluation of the five Chambless factors often leads to the conclusion "that attorney's fees should not be charged against ERISA plaintiffs." Fidelity, 554 F. Supp.2d at 363, quoting, West v. Greyhound Corp., 813 F.2d 951, 956 (9th Cir. 1987); see also Anita Foundations, Inc. v. ILGWU Nat. Retirement Fund, 902 F.2d 185, 188-89 (2d Cir. 1990).

II. Disposition of the Motions

This court has considered the Chambless factors, and concludes that an award of fees is not warranted here. Because they are related here, the court considers the first and fourth Chambless factors together, i.e., the culpability or bad faith of the losing party, and the relative merits of the parties' positions.

This was a very close case. As noted above, Plaintiffs pursued this case on single employer and/or alter ego theories of liability. The main issues for the court to decide centered on the degree of interrelatedness of the business entities before the court. The familial and business relationship of the players made the case close, and its pursuit by the Plaintiffs reasonable. The fact that the court decided this case in favor of the Defendants makes clear that Plaintiffs' failed to sustain their burdens of proof. It does not prove, nor does the court conclude,

that Plaintiffs acted in bad faith or were in any way frivolous or unreasonable in their decision to pursue this action.

The court finds that the remaining <u>Chambless</u> factors – (1) the ability of the offending party to satisfy an award of attorney's fees, (2) whether an award of fees would deter other persons from acting similarly under like circumstances, and (3) whether the action conferred a common benefit on a group of pension plan participants – weigh either neutrally or against a fee award. Since the benefit here was only to the Defendants, and had no effect on any larger group, the last factor, in particular, weighs against imposition of an award.

In light of the court's strong conclusion regarding the close nature of the case, and the little weight afforded the remaining factors, the court concludes that an award of attorney's fees is unwarranted.

## CONCLUSION

For the foregoing reasons, Defendants' motions for attorneys fees are denied. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 23, 2008

4